**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-05-00546-005-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Abraham Beltran-Moreno, | |
| Defendant. | |

Before the Court is Abraham Beltran-Moreno's ("Defendant") Motion (Request) for Sentence Reduction Pursuant to Section 404 of the First Step Act (Doc. 619). For the following reasons, Defendant's Motion is denied.

## BACKGROUND

Defendant, acting pro se, brings the instant motion seeking a reduction in the 420-month sentence he is currently serving for various drug- and firearm-related crimes. As admitted at sentencing, Defendant had a leadership role in a drug trafficking organization in Phoenix, Arizona. (Presentence Report ("PSR") ¶ 15.) Alongside his brother and several other co-Defendants, Defendant facilitated the importation of methamphetamine, heroin, and crack cocaine from Mexico, which he stored in stash houses and then distributed in street-level quantities. (PSR ¶¶ 6, 9, 14.) Defendant was arrested on June 22, 2005 and charged in a superseding indictment on July 6. (Doc. 43.) Count 1 charged Defendant with conspiracy to possess with intent to distribute methamphetamine,

heroin, and cocaine base (also known as crack cocaine); Counts 3, 4, and 8 charged Defendant with possession with intent to distribute methamphetamine; Count 5 charged Defendant with possession with intent to distribute heroin; Count 6 charged Defendant with possession with intent to distribute crack cocaine; and Counts 7 and 11 charged Defendant with possession of a firearm in furtherance of a drug trafficking crime. (PSR ¶ 3); (Doc. 43.) Defendant pled guilty to Counts 1, 3, 4, 5, 6, 7, 8, and 11 on March 8, 2007, without a plea agreement. At the change of plea hearing, Defendant was advised that he faced a mandatory minimum sentence of 20 years, when the correct mandatory minimum sentence for the charges to which he pled was actually 40 years.[1]

Because of the error at the change of plea hearing, the sentencing judge granted Defendant a variance and sentenced him to a total of 420 months, below the statutorily required minimum. (Doc. 393.) On Counts 1, 3, 4, 6, and 8, Defendant was sentenced to 300 months, each to run concurrently. On Count 5, Defendant was sentenced to 60 months, to run concurrently to the other drug charges. Defendant was also sentenced to two consecutive five-year sentences for the firearm charges, Counts 7 and 11. On appeal, the Court of Appeals for the Ninth Circuit affirmed Defendant's sentence. *See United States v. Beltran-Moreno*, 556 F.3d 913 (9th Cir. 2009).

Defendant subsequently sought post-conviction relief by way of a petition for writ of habeas corpus and a petition for writ of coram nobis, both of which were denied. *See Beltran-Moreno v. United States*, No. 10-cv-43-NVW (D. Ariz. Jan. 19, 2012), ECF No. 21 (denying habeas petition); *Beltran-Moreno v. United States*, No. 19-cv-2203-NVW-DMF (D. Ariz. June 14, 2019), ECF. No. 4 (denying petition for coram nobis). Defendant also filed two motions with this Court for the reduction of his sentence, both of which were based on retroactive application of Amendment 782 of the 2014 U.S. Sentencing Guidelines, and which were both denied. (Docs. 605, 618.) Petitioner now brings the

---

[1] The Government advised the Court and Defendant that the mandatory minimum sentence was ten years for the conspiracy, methamphetamine, and crack cocaine charges; five years for the heroin charge; and five years for each of the firearm charges. The drug charges were to run concurrently, while the firearm charges would each run consecutively. In reality, the second firearm charge carried a mandatory minimum sentence of 25 years, to run consecutively to the first firearm charge. (Doc. 430 at 14); (Doc. 621 at 5.)

instant motion pro se. (Doc. 619.) The Court ordered the Government to respond to his motion, which it has. The Federal Public Defender for the District of Arizona subsequently moved that Defendant be appointed counsel regarding an issue not raised in Defendant's motion, namely whether his consecutive sentences for firearms charges could be reduced under § 403 of the First Step Act. (Doc. 629.) While the Court appointed Mr. Mark A. Paige as CJA counsel, (Doc. 630), Mr. Paige notified the Court that he did not see a colorable basis for filing an amended motion on such grounds.[2] (Doc. 640.)

## DISCUSSION

**I.  Legal Standard**

In an attempt to reduce disparities in sentencing between offenders charged with crimes involving crack cocaine and those charged with crimes involving powder cocaine, Congress passed the Fair Sentencing Act of 2010. *United States v. Kelley*, 962 F.3d 470, 471–72 (9th Cir. 2020); *see also* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). As explained by the Ninth Circuit:

> Before the Fair Sentencing Act, an offense involving 50 or more grams of crack cocaine would be subject to a statutory sentencing range of 10 years to life in prison, 21 U.S.C. § 841(b)(1)(A)(iii) (2006), and an offense involving 5 or more grams of crack cocaine would be subject to a statutory sentencing range of 5 to 40 years in prison, 21 U.S.C. § 841(b)(1)(B)(iii) (2006). Section 2 of the Fair Sentencing Act amended these sections so that a higher quantity of drugs would be needed to trigger the same sentences; thus, an offense involving 280 or more grams (rather than 50 or more grams) of crack cocaine was subject to a sentence of 10 years to life in prison, and an offense involving 28 or more grams (rather than 5 or more grams) of crack cocaine was subject to a sentence of 5 to 40 years in prison.

*Kelley*, 962 F.3d at 472. But because the Fair Sentencing Act did not have retroactive effect at the time, it did not apply to "offenders whose convictions became final" before its effective date of August 3, 2010. *Id.*; *see also Dorsey v. United States*, 567 U.S. 260, 280-81 (2012).

That changed in 2018 when Congress passed, and the President signed, the First

---

[2] The Court addresses Mr. Paige's additional filings in a separate order.

Step Act. Pub. L. No. 115-391, 132 Stat. 5194 (2018). Section 404(b) provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." § 404 (b), 132 Stat. at 5222. Section 404(a) defines a covered offense as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." § 404(a), 132 Stat. at 5222. The inquiry under § 404(b) is therefore "whether the Fair Sentencing Act modified the statutory penalties for [a defendant's] offense." *Terry v. United States*, 141 S. Ct. 1858, 1862 (interpreting the phrase "violation of a Federal criminal statute" to mean "offense"). But ultimately, the decision whether to resentence an eligible defendant is committed to the discretion of the district court. *Kelley*, 962 F.3d at 472.

Eligible defendants are not entitled to plenary resentencing. The First Step Act allows a court to reconsider only those parts of a defendant's sentence that would be affected by retroactive application of Sections 2 and 3 of the Fair Sentencing Act. *Id.* at 475; *see also* 18 U.S.C. § 3582(c)(1)(B) ("[T]he court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."). To do so, a resentencing court must:

> (1) place itself in the counterfactual situation where all the applicable laws that existed at the time the covered offense was committed are in place, making only the changes required by sections 2 and 3 of the Fair Sentencing Act; and (2) determine the appropriate sentence under this counterfactual legal regime

*Kelley*, 962 F.3d at 475.

**II.   Analysis**

Defendant argues he is eligible for resentencing because Counts 3, 4, 5, and 8 are covered offenses under § 404.[3] (Doc. 619 at 2.) The Government, in turn, concedes that

---

[3] While the Government argues that Defendant is barred from bringing this motion as § 404(c) bars successive motions, its position is not well taken. Section 404(c) prohibits consideration of successive motions if the prior motion made *under § 404* was "denied after a complete review of the motion on the merits." Defendant's prior motion under the First Step Act was not brought pursuant to § 404, so § 404(c) does not apply to bar his present motion. The Court will consider Defendant's motion on the merits.

Counts 1 and 6 are covered offenses but urges the Court to exercise its discretion to deny resentencing because Counts 1 and 6 run concurrently to Counts 3, 4, and 8, which are not covered offenses and cannot be disturbed by the Court.[4] (Docs. 621, 637).

Defendant is eligible for resentencing as to Count 6 because the offense involves crack cocaine. Under Count 6, Defendant pled guilty to possession with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(iii). Because § 2 of the Fair Sentencing Act amended 21 U.S.C. § (b)(1)(A)(iii) to increase the threshold possession quantity from 50 grams to 280 grams of crack cocaine, and Defendant was sentenced before August 3, 2010, Count 6 is a covered offense under § 404 of the First Step Act. *See United States v. Quintero-Soto*, 491 F. Supp. 3d 478, 482 (D. Ariz. 2020).

Determining whether Count 1 is a covered offense under the First Step Act is less straightforward because case records do not clearly state whether the conspiracy count related to the distribution of methamphetamine only or also heroin and crack cocaine.[5] However, for the purposes of this motion, the Court accepts the Government's representation that Count 1 is a covered offense as doing so does not alter the outcome.

Defendant's offenses under Counts 3, 4, 5, and 8 are not covered by the First Step Act. Under Counts 3, 4 and 8, Defendant pled guilty to charges that he possessed with intent to distribute 500 or more grams of methamphetamine on three separate occasions. (Doc. 43 at 3–5); 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). Under Count 5, Defendant pled guilty to possession with intent to distribute 100 grams or more of heroin. (Doc. 43 at 4); 21 U.S.C. § 841(a)(1), (b)(1)(B)(I). These offenses are not covered offenses under the First

---

[4] The Government originally argued that Count 6 was the only covered offense at issue, (Doc. 621 at 12), but subsequently revised its position in light of *Terry v. United States*, 141 S. Ct. 1858 (2021), and now represents that Count 1 is likewise covered. (Doc. 637 at 2.)

[5] While the formal judgment of conviction lists Count 1 as Conspiracy to Possess with Intent to Distribute Methamphetamine, Heroin, and Cocaine Base, a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(I), and (b)(1)(A)(iii), (Doc. 393 at 1), the text of Count 1 in the indictment refers only to methamphetamine, and citations to the statutory provisions that would trigger heroin- and cocaine-related penalties are stricken by hand. (Doc. 43 at 3.) On Defendant's direct appeal, the Court of Appeals suggested that the formal judgment's reference to a conspiracy as it pertained to heroin and crack cocaine was surplusage. *United States v. Beltran-Moreno*, 556 F.3d 913, 915 n.1 (9th Cir. 2009)

Step Act because sections 2 and 3 of the Fair Sentencing Act did not alter the statutory penalties associated with either charge. Consequently, Defendant cannot be resentenced as to those counts under § 404(b) of the First Step Act.

The Court declines to exercise its discretion to resentence Defendant on Counts 1 and 6. Defendant was sentenced to concurrent sentences of 300 months on Counts 1, 3, 4, 6, and 8. Regardless of what Defendant's new sentence would be as to Counts 1 and 6, the Court lacks the power to disturb the concurrent 300-month sentences Defendant is currently serving for Counts 3, 4, and 8 because they are not covered by § 404(b). *See Kelley*, 962 F.3d at 479 ("[T]he First Step Act does not authorize plenary resentencing). Any resentencing done by this Court would not change Defendant's obligation to serve a sentence of 300 months for those counts, as well as a subsequent consecutive sentence of 120 months for his firearms offenses. (Doc. 393 at 1.)

Nor would a shorter sentence, were it available, be consistent with the factors set forth in 18 U.S.C. § 3553(a).[6] Defendant was a high-level organizer in a drug distribution organization, who coordinated shipments from Mexico and directed several distributors to act on his behalf. (PSR ¶ 15.) He also operated several stash houses in the Phoenix area, from which authorities seized large quantities of methamphetamine, heroin, and crack cocaine. (PSR ¶¶ 9, 14.) As a high-level distributor and coordinator of a drug trafficking organization, Defendant bears a uniquely high level of culpability for the crimes he has admitted committing, which the sentencing judge considered in imposing the original sentence of 300 months. (Doc. 430 at 29, 37.) Consequently, the Court finds that the 300-month sentence adequately punishes Defendant for the serious crimes he committed and serves an important role to deter others from similar criminal conduct. 18 U.S.C. § 3553(a).

---

[6] While the Court is not required to consider the § 3553(a) factors in exercising its discretion under 18 U.S.C. § 3582(c)(1)(B), the Court does so nevertheless. *See United States v. Holloway*, No. 07-cr-344 CW, 2019 WL 3413278, at *4 & n.4 (N.D. Cal. July 29, 2019); *United States v. Masin-Torres*, No. 09-CR-262-RSL, 2019 WL 3253261, at *4 (W.D. Wash. July 19, 2019); *United States v. Mason*, No. 04-cr-209-RHW-1, 2019 WL 2396568, at *6 (E.D. Wash. June 6, 2019).

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act (Doc. 619) is **DENIED**.

Dated this 29th day of March, 2022.

_____
G. Murray Snow
Chief United States District Judge