**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Abraham Beltran-Moreno,<br><br>Defendant. | No. CR-05-00546-005-PHX-GMS<br><br>**ORDER** |

  Pending before the Court is Abraham Beltran-Moreno's Motion For Compassionate Release/Reduction In Sentence (Doc. 647). It is the fourth motion Mr. Beltran has filed for First Step Act Relief. The first two motions were denied, (Doc. 618, 643) and appointed counsel could find no basis on which to file a third. (Doc. 640). Defendant filed this fourth motion pro se (Doc. 647). It is denied. Also before the Court is Plaintiff's Motion for Leave to File Under Seal Its Response to Defendant's Motion for Compassionate Release/ Reduction in Sentence (Doc. 655).

  Mr. Beltran's basis for the motion is the prevalence of COVID-19 in the Bureau of Prisons and the risks that it poses to Mr. Beltran-Moreno, though he identifies no particular physical condition that would increase his risk due to the disease. He also relies on Congress's reduction to five years from a 25-year mandatory sentence for a second 924(c) reduction that has occurred since he was sentenced.

  A district court may only reduce a sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)

"after considering the factors set forth in [18 U.S.C. § 3553(a)]" and if the court finds that "(i) extraordinary and compelling reasons warrant such a reduction" and (ii) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Defendant bears the burden of proving he meets all elements of eligibility for a statutory reduction. 18 U.S.C. § 3582(c)(1)(A); *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (holding the defendant, as the § 3582(c)(2) movant, bears the burden of establishing entitlement to sentencing reduction.) He fails to do so here.

Plaintiff has twice contracted and recovered from COVID. He is now vaccinated against it. He does not claim to have any heightened risks. These facts simply do not provide extraordinary circumstances meriting his release. *United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020) (holding that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release"). Nor do amendments to 924(c) provide a compelling reason to give Defendant an early release. Not only was the amendment expressly not retroactive but, due to an error at his change of plea hearing, no 25 year mandatory conviction under the previous statute was imposed on Mr. Beltran. It thus provides no basis for an early release. Further, Mr. Beltran's sentence remains consistent with the requirements of 18 U.S.C. § 3553(a).

**IT IS THEREFORE ORDERED DENYING** Mr. Beltran's Motion For Compassionate Release/Reduction In Sentence (Doc. 647).

**IT IS FURTHER ORDERED** granting Plaintiff's Motion for Leave to File Under Seal (Doc. 655) and directing the Clerk of Court to file under seal the document lodged at Doc. 656.

Dated this 18th day of January, 2023.

_____
G. Murray Snow
Chief United States District Judge